Opinion.
On the Merits.
Section 1 of the statute which the relator invokes makes it “unlawful for any other than a registered pharmacist to compound medicines * * * or to conduct * * * any apothecary or drug store,” etc. Section 2 provides that any person 21 years old may be registered on application to the Board of Pharmacy (created by the statute) (1) on exhibiting a diploma from a college or school of pharmacy, the status of which shall be approved by the bpard, accompanied by an affidavit setting forth Ms age, and identifying him with such diploma; or (2) if no such diploma is produced, upon his presenting “an affidavit that he has had four years’ practical experience in the manipulation and compounding of physicians’ prescriptions, under the supervision of a registered pharmacist, who shall also attest the truth of said affidavit by swearing thereto, if said registered pharmacist be alive and resident in the state of Louisiana,”’ etc.
Section 3 provides; “That the foregoing provision of this act shall not apply to, or affect, any person who shall be engaged in the actual preparation, compounding and dispensing of medicines, or drugs, in the drug and apothecary business, as proprietor of the same, or as a qualified assistant therein, at *104 the time of the passage of this act, except in so far as relates to registration and fees provided in section 5. A qualified assistant, engaged in the business at the time of the passage of this act, is one who has had not less than two years’ experience in the preparing, compounding and dispensing of medicines, or drugs, in the drug or apothecary business. All other actual assistants, actually engaged in the business at the time of the passage of this act, shall, upon the completion of a like term of two years’ experience, he entitled to registration as qualified assistants, without examination,” etc.
Section 4 authorizes the hoard to refuse registration, if, upon examination, it believes the affidavits offered in support of the application therefor to he untrue, “subject to the right of the applicant to appeal to the courts,” etc.
Section 5 provides that, when the applicant furnishes neither diploma nor affidavit, he may be registered upon passing a satisfactory examination before the board, and it further provides that the fee for such examination shall he $5 and for registration without examination $3.
Acts 1888, pp. 74, 75, No. 66.
The relator asserts that he is entitled to registration without examination. The reason for which the board refused to register him is stated by the present and former secretary, both of whom are or were members of the hoard, as follows:
“Q. Mr. Godbold, you are secretary of the Board of Pharmacy? A. Yes, sir. Q. Mr. Monnier’s application is in the exact terms of the law. What are the grounds of the refusal to give him what the law says he is entitled to ? A. He didn’t make it in the proper time, that is the reason. Q. When should he have made it, in your opinion? A. Prior to the rule of this hoard in 1895. Q. The resolution of this hoard in 1895 you construe as a limitation upon the act of 1888? A. Yes, sir. * * * Q. (Cross-ex.) Then the resolution passed there was, in your opinion, in accordance with the powers given in the act? A. Under the advice of the Attorney General, I think they were. Q. You deem the action you took on this— A. Was proper action. Q. And was justified by the Act No. 66 of 18S8? A. Yes, sir.”
Mr. Taylor testifies that he was secretary of the board in 1895, when the resolution in question was adopted, and that he considered it competent action, because the hoard found it difficult to conform to the provisions of the statute.
Thus: “Q. In your opinion, and those of your associates of the hoard, this was an unwise provision, this allowing a man to be registered on four years’ experience? A. Yes, sir. Q. And if you had been a member of the General Assembly you would have voted against the law? A. Yes; sir. Q. And if Governor, you would have vetoed it? (Objection.) By the witness: Not necessarily. Q. It is because of the difficulty met by the-hoard in discharging it (?) that induced the-adoption of this resolution? A. Yes, sir.”
TRe proposition that because the hoard considered a particular provision of the law, by which it was created, unwise, and inconvenient of application, it could repeal or abrogate-it by resolution, is original, but unsound. And it does not affect the question here at issue that the General Assembly, in Acts-1902, p. 247, No. 144, has adopted and expressed the view entertained by the hoard as-to the unwisdom of the preceding legislation, since the act of 1902 provides for the future,, whilst the rights of the plaintiff are to be determined by the law in force when he applied, for and was refused registration.
Thus: Section 1 of the Acts of 1902, p. 247, No. 144, amending and re-enacting section 2 of Acts 1888, p. 74, No. 66, reads in part as follows: “That any person, twenty-one years of age, presenting an affidavit setting forth a practical experience of four years, * * * shall be entitled to registration after passing a satisfactory examination before the State Board of Pharmacy,” etc. The relator-had, however, presented his application, affidavit, etc., before the passage of this act, and at a time at which he was required to do nothing more in order to entitle himself to registration, so that, whilst the amending statute-applies to those presenting (i. e., who may in the future present) such affidavits, it cannot he applied to the relator without giving it a retroactive effect, not called for by its language.
The judgment appealed from is therefore-affirmed.